UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BILLY MASON ESKRIDGE,

    Plaintiff,

v.                                      CIVIL ACTION NO. 5:22-cv-00223

WEST VIRGINIA DEPT. OF CORRECTIONAL
REHABILITATION, and
U.S. MARSHALS SERVICE, *3-Defendants*,

    Defendants.

## ORDER

On May 13, 2022, Plaintiff Billy Mason Eskridge, acting *pro se*, instituted this action on behalf of himself and other inmates seeking relief for alleged violation of their constitutional and civil rights pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). [Doc. 1]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). On May 16, 2022, Magistrate Judge Aboulhosn entered an Order notifying Mr. Eskridge that he was precluded from prosecuting claims on behalf of others as it would constitute the unauthorized practice of law. [Doc. 3]. Magistrate Judge Aboulhosn further notified Plaintiff that if he wished to proceed with his claims, he must amend his complaint and either pay the Court's filing fee ($350) and administrative fee ($52) or file an Application to Proceed Without Prepayment of Fees. [*Id.*]. Finally, Magistrate Judge Aboulhosn advised Plaintiff that failure to comply with the aforementioned requirements by June 17, 2022, "will result in a recommendation of dismissal of this matter without prejudice pursuant

to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." [*Id.*].

As yet, Plaintiff has not filed an amended complaint, paid the requisite fees or filed an Application to Proceed Without Prepayment of Fees, nor responded to the May 16, 2022, Order. Accordingly, Magistrate Judge Aboulhosn filed his PF&R on August 9, 2024, recommending that the Court dismiss this action without prejudice for failure to prosecute and remove the matter from the Court's docket. [Doc. 4].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on August 26, 2024. No objections were filed.[1]

---

[1] The Court notes that the PF&R was served on Mr. Eskridge by mail and initially returned as undeliverable. The PF&R was not re-mailed to Mr. Eskridge because no current address was available. "A party who represents himself or herself shall file with the clerk his or her complete

2

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 4**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: September 10, 2024

Frank W. Volk
United States District Judge

---

name and address where pleadings, notices, orders, and other papers may be served on him or her . . . . A pro se party must advise the clerk promptly of any changes in . . . address . . . ." S.D. W. Va. LR Civ P 83.5.